UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH BUCKLEY,

                            Plaintiff,

     -against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY; MTA Police Officer STEPHEN
MEARS, Shield #764; and MTA Police Officer
DANILO RODRIGUEZ, Shield # 2096,

                        Defendants.

No. 1:19-cv-01683 (JLC)

## JOINT PRETRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16 and this Court's Individual Practices and Rules, the parties, having conferred with each other, adopt the following as the Pre-Trial Order herein:

**I.    CAPTION**

*Buckley v. Metropolitan Transportation Authority*, et al., No. 19-cv-01683 (JLC)

**II.    PARTIES AND COUNSEL**

The names, addresses, email addresses, telephone and fax numbers of trial counsel are as follows:

<u>For Plaintiff</u>:

Katherine Rosenfeld, Esq.(Lead Counsel)
David B. Berman, Esq.
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor.
New York, NY 10020
Tel. No.:  212-763-5000
Cell Phone: 646-229-6221 (K. Rosenfeld)
Cell Phone: 917-842-0055 (D. Berman)
Fax No.:  212-763-5001

Email: krosenfeld@ecbawm.com
Email: dberman@ecbawm.com

<u>For Defendants</u>:

Steve S. Efron (Lead Counsel)
Renee L. Cyr
237 West 35th Street - Suite 1502
New York, New York 10001
Tel. No.:  212-867-1067
Cell phone: 646-413-0388 (S. Efron)
Cell Phone: (848) 248-8141 (R. Cyr)
Fax No.:  212-682-595
Email: ssefron@aol.com
Email: rlcyr@aol.com

## III.   JURISDICTION

The Court's jurisdiction over the subject matter of this action is predicated on 28 U.S.C.

§§ 1331 and 1343(a)(3) because the action arises under 42 U.S.C. § 1983. Venue is proper in this

district pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which the claims arose

and in which Mr. Buckley currently resides, and in which the defendant Metropolitan

Transportation Authority and the individual defendants conduct their business.

## IV.   CLAIMS AND DEFENSES

### A. Claims to Be Tried

1. 42 U.S.C. § 1983 Claim under the Fourth and Fourteenth Amendments for Excessive Force against Defendants Mears and Rodriguez for their conduct when they assaulted Jeremiah Buckley on February 24, 2018 during his arrest (Complaint, First Cause of Action).

2. 42 U.S.C. § 1983 Claim under the Fourth and Fourteenth Amendments for False Arrest against Defendants Mears and Rodriguez for their conduct when they arrested Jeremiah Buckley on February 24, 2018 at approximately 12:10 a.m.(Complaint, Second Cause of Action).

3. New York State Common Law False Arrest against all Defendants for the conduct of Defendants Mears and Rodriguez when they arrested Jeremiah

Buckley on February 24, 2018 at approximately 12:10 a.m.(Complaint, Fourth Cause of Action).

4.  New York State Common Law Malicious Prosecution against Defendant Mears and Defendant MTA for the conduct of Defendant Mears when Mears filed criminal charges against Jeremiah Buckley on February 25, 2018 until such time as those charges were dismissed on April 23, 2018. (Complaint, Fifth Cause of Action).

5.  New York State Common Law Assault against all Defendants for the conduct of Defendants Mears and Rodriguez when they assaulted Jeremiah Buckley on February 24, 2018 during his arrest (Complaint, Sixth Cause of Action).

6.  New York State Common Law Battery against all Defendants for the conduct of Defendants Mears and Rodriguez when they arrested Jeremiah Buckley on February 24, 2018 (Complaint, Seventh Cause of Action).

**B.  Claims That Will Not Be Tried:**

1.  42 U.S.C. § 1983 Claim under the Fourth and Fourteenth Amendments for Malicious Prosecution (Complaint, Third Cause of Action)

2.  New York State Common Law Malicious Prosecution against Defendant Rodriguez (Complaint, Fifth Cause of Action)

**C.  Defendants' Defenses that Remain to be Tried** (subject to a ruling on defendants' pending motion for partial summary judgment):

1.  The defendant police officers, Stephen Mears and Danilo Rodriguez, had probable cause to arrest Jeremiah Buckley on charges of disorderly conduct (NY Penal Law § 240.20[5]), resisting arrest (PL § 205.30), attempted assault in the third degree (PL §§110/120.00[1]), and harassment in the second degree (PL § 240.26[1]). While not asserted in the accusatory instrument as a basis for the arrest, the officers also had probable cause to arrest Buckley on a charge of disorderly conduct under NY Penal Law § 240.20(3).

2.  The defendant police officers, even if lacking probable cause to arrest Buckley, had arguable probable cause to effectuate an arrest and thus are entitled to qualified immunity from suit.

3

3.   The prosecution of Buckley was initiated by Officer Stephen Mears in good faith, in consultation with a prosecuting attorney, predicated on probable cause for the arrest.

4.   Officers Mears and Rodriguez employed no more force than was necessary to effectuate Buckley's arrest and take him into custody. Injuries claimed by Buckley to have been sustained due to the officers' alleged use of excessive force were sustained elsewhere in a manner and at a time unrelated to the arrest.

## V.     DAMAGES

For Plaintiff's claims for excessive force, assault, and battery, he seeks (1) compensatory damages for pain and suffering and physical injuries, *inter alia*, a broken rib (7th), a punctured lung causally related to the rib fracture, knee pain, and headaches; (2) compensatory damages for garden variety emotional distress.

For Plaintiff's claims for false arrest and malicious prosecution, he seeks (1) compensatory damages for garden variety emotional distress; and (2) loss of liberty damages (false arrest only).

Plaintiff also seeks punitive damages against Defendants Mears and Rodriguez.

## VI.    JURY TRIAL AND NUMBER OF TRIAL DAYS NEEDED

This case will be tried before a jury. The parties estimate that three to five trial days will be necessary.  Plaintiff would consent to a non-unanimous verdict.  Defendants do not consent to a non-unanimous verdict.

## VII.   STIPULATIONS

The parties have stipulated, as so ordered by the Court, that:

1.  Stipulation with respect to emotional distress damages:

a.  Plaintiff's claim for emotional distress damages is limited to "garden variety" emotional distress damages as defined in *Simms v. Blott*, 534 F.3d 117 (2d Cir. 20008) ("*Simms*") and cases applying the standard announced in *Simms*;

4

     b. Plaintiff will not offer at trial or on a dispositive motion any expert psychiatric, psychological or medical testimony or records to support his claims of emotional distress; nor will Plaintiff offer any testimony of a diagnosis of a mental disorder, or the treatment (or need for treatment) of a mental disorder, or the symptoms of a mental disorder that exceed "garden variety" emotional distress as defined in *Simms* and cases applying the standard announced in *Simms*;

     c. The parties shall submit to the trial court for resolution, in limine or during the course of the trial, any dispute concerning the admissibility or inadmissibility of Plaintiff's emotional distress evidence under this stipulation. *See* ECF No. 34.

2. The parties stipulate that, as a matter of law, the Defendants acted under color of state law when they arrested Mr. Buckley on February 24, 2018, and took him into custody.

3. The parties stipulate that Defendants will not seek to introduce evidence of, or question Mr. Buckley regarding, prior arrests that did not result in a criminal conviction.

4. The parties stipulate that Defendants will not introduce evidence of, or question Mr. Buckley regarding, his diagnosis of bi-polar disorder provided that plaintiff does not violate the stipulation limiting his recovery to garden variety emotional distress or otherwise raises it first.

5. The parties stipulate that Plaintiff cannot seek punitive damages against Defendant Metropolitan Transportation Authority.

6. The parties stipulate that Plaintiff will not request a specific amount of damages or range of damages in his opening or closing statements to the jury.

7. Prior to February 24, 2018, Mr. Buckley had previously been incarcerated in connection with  several non-violent misdemeanor offenses.[1]

---

[1] Plaintiff consents to this stipulation only if Defendants' partial motion for summary judgment is denied.  If this motion is granted, the parties will stipulate that Plaintiff's misdemeanor convictions are not admissible.

## VIII.   WITNESSES

Each party provides its list of witnesses to be offered in its case-in-chief subject to the following reservation of rights:

a.   Each party reserves the right not to offer the testimony of any designated witness.

b.   Each party reserves the right to offer live or deposition testimony from rebuttal witnesses.

**Plaintiff's Witnesses**

### A.  Fact Witnesses:

1.  Jeremiah Buckley
    Testimony: Live
    Topic: Mr. Buckley will testify regarding his arrest on February 24, 2018  and his subsequent damages.

2.  Dr. Cherisse Berry
    Testimony: Live
    Topic: Dr. Berry will testify regarding her treatment of Mr. Buckley at Bellevue Hospital on February 24-25, 2018.

3.  Eric Pilch
    Testimony: Live
    Topic: Mr. Pilch will testify regarding his impression of Mr. Buckley's condition at Mr. Buckley's arraignment of February 25, 2018 and about the criminal proceedings against Mr. Buckley prior the dismissal of all charges.[23]

4.  Timothy Harten (Rebuttal Witness)
    Testimony: Live
    Topic: Mr. Harten would be called as a rebuttal witness in the event that Defendants testify that an MTA internal investigation found that they  used appropriate force when arresting Mr. Buckley.

### B.  Expert Witness:

1.  Dr. Ronald A. Paynter MD, FACEP, CPE
    Testimony: Live
    Topic: Dr. Paynter will testify regarding the likely causation of Mr. Buckley's injuries and respond to the testimony of Defendants' expert, Dr. Kevin Brown.

---

[2] Defendants object to Mr. Pilch's proposed testimony. Although this witness's name was included in plaintiff's Rule 26 disclosures, the subject matter of his potential discoverable information was limited as follows: "Mr. Pilch was a law student in the Cardozo criminal defense clinic assigned to Plaintiff's criminal case. He is believed to have knowledge of the criminal proceedings resulting from the incident in question."  Defendants object to this witness offering any testimony other than to his "knowledge of the criminal proceedings."  We seek that any testimony beyond that be precluded unless the Court permits us to depose Mr. Pilch before trial.

[3] Plaintiff responds that his initial disclosure is consistent with Mr. Pilch's anticipated trial testimony as testimony regarding Mr. Buckley's  "criminal proceedings" would include Mr. Pilch's observations of his client during the criminal proceedings and anything associated with those proceedings.

A. **Defendants' Witnesses**[45]

1. Police Officer Danilo Rodriguez (in person) – Officer Rodriguez will offer testimony concerning the purpose and implementation of the homeless outreach program in Penn Station; the circumstances giving rise to the arrest of plaintiff and the manner in which the arrest was effectuated; and the response to plaintiff's request for medical care.

2. Police Officer Stephen Mears (in person) – Officer Mears will offer testimony concerning the purpose and implementation of the homeless outreach program in Penn Station; the circumstances giving rise to the arrest of plaintiff and the manner in which the arrest was effectuated; and the response to plaintiff's request for medical care.

3. Sergeant Timothy Harten (in person) – Sgt. Harten will testify concerning his role as a supervisor assigned on the date of plaintiff's arrest to the homeless outreach program at Penn Station; retrieval and preservation of the security camera videotape of the incident; and his preparation of a report of the incident.

4. Dr. Timothy Deyer (in person) – Dr. Deyer, an expert radiologist retained by defendants, will testify to his evaluation of imaging studies of plaintiff's chest, right knee and brain; the value of imaging studies in determining when and how an injury was sustained; and to his opinions concerning what the imaging studies reveal about this plaintiff's injuries, as set forth in his expert report dated May 18, 2020.

---

[4] Plaintiff notes that neither Dr. Voleti nor Dr. Perpah was included in Defendants' Rule 26 disclosures.  While both doctors are listed in Plaintiff's disclosures as a witness with discoverable information, that does not relieve Defendants of their obligation to inform Plaintiff during discovery that they would potentially call them as defense witnesses. Plaintiff also notes that while Dr. Sant is listed in Defendants' Rule 26 disclosures, the subject of his testimony was limited to inclusion on a list of doctors stating "The following individuals are likely to have information concerning plaintiff Buckley's medical treatment."  Defendants now propose far broader testimony for Dr. Sant than just Mr. Buckley's "medical treatment." However, in the interest of moving this case forward for trial, Plaintiff will not seek to reopen discovery to depose these witnesses notwithstanding Defendants' failure to make proper disclosures pursuant to the Federal Rules.

[5] Defendants, in response to plaintiff's notes:  as the Court knows, the purpose of Rule 26 is to give the other party notice of who may have information to be explored during discovery.  Plaintiff listed all three doctors in their own Rule 26 statement, which means that plaintiff knew who these doctors were and that they may have information about plaintiff's medical condition and hospital visit – defendants did not need to tell them that.  At the time we served our Rule 26 statement we had not even heard of Drs. Peprah or Voleti.  As plaintiff identified Dr. Sant in their own statement, using the same language as we used, there is not even arguable prejudice.  Moreover, the records identifying Dr. Sant and his observations came from plaintiff.

5. Dr. Kevin Brown (in person) – Dr. Brown, an expert emergency room physician retained by defendants, will testify to his review of medical records and other materials bearing on plaintiff's pneumothorax and fractured rib; his experience in diagnosing and treating such injuries; and his findings with respect to when and how the injuries were sustained by plaintiff, as set forth in his expert report dated June 11, 2020.

6. Dr. Vivek Sant (in person) – Dr. Sant, a trauma surgeon who attended to plaintiff at Bellevue Hospital shortly after plaintiff's arrest, will testify concerning the treatment he rendered to plaintiff and the information he recorded in the Bellevue Hospital record concerning when and where plaintiff sustained his injuries.

7. Dr. Emmanuel Peprah (in person) – Dr. Peprah, plaintiff's primary care physician, will testify to plaintiff's medical condition – in particular, the condition of plaintiff's right knee – both before and subsequent to plaintiff's arrest, and to the treatment that was rendered to plaintiff.

8. Dr. Pramod Voleti (in person) – Dr. Voleti, an orthopedic surgeon, will testify to his treatment of plaintiff's right knee; the arthroscopic surgery performed on plaintiff's right knee; plaintiff's recovery from the surgery and the post-operative condition of his right knee; and findings, if any, made by Dr. Voleti concerning when and how plaintiff sustained an injury to his right knee.

## I. DEPOSITION TESTIMONY

Plaintiff does not anticipate the need to present deposition testimony instead of live testimony during his case-in-chief. Plaintiff reserves the right to use deposition testimony for impeachment purposes, in rebuttal, and to the extent a live witness listed in the pretrial order is unavailable within the meaning of Fed. R. Civ. P. 32.

Defendants do not anticipate the need to present deposition testimony instead of live testimony during their case-in-chief.  Defendants reserve the right to use other witnesses' deposition testimony for impeachment purposes, in rebuttal, and to the extent a live witness listed in the pretrial order is unavailable within the meaning of Fed. R. Civ. P. 32.  Moreover, plaintiff offered testimony at a N.Y. Municipal Law 50-h hearing on September 13, 2018; at a N.Y. Public Auth. Law hearing on November 16, 2018; and at a deposition on January 14, 2020. Defendants reserve the right to use plaintiff's testimony to the extent permitted by F. Rule Civ. P. Rule 32.

## IX.     EXHIBITS AND OBJECTIONS

Each party provides its list of trial exhibits subject to the following reservations of rights:

a.      Each party reserves the right not to offer any of the exhibits listed below, or to offer all or any portion of an exhibit.

b.      Each party reserves the right to offer and use any of the exhibits for more than one purpose.

c.      Each party reserves the right to offer any exhibit designated by any other party to this Pre-Trial Order.

d.      Each party reserves the right to offer additional exhibits at trial for purposes of impeachment, rebuttal, or rehabilitation, including but not limited to any and all transcripts of depositions conducted in this matter, or any portion thereof.

e.      Each party reserves the right to use demonstrative aids not listed herein at trial, and will undertake to advise the other parties and the Court of such aids as it intends to use at a reasonable time prior to trial.

The parties have identified their objections to each other's exhibits by indicating the number of the applicable Federal Rule of Evidence in the margin.

### A.     Plaintiff's Trial Exhibits[6]

| Exhibit | | Description | Bates Number | Objections |
|---|---|---|---|---|
| PL | 1 | Security Video of Jeremiah Buckley's February 24, 2018 arrest. | PL000847-PL000852 | |
| PL | 2 | Jeremiah Buckley Certificate of Disposition | PL2478 | |
| PL | 3 | Jeremiah Buckley 2/24/2018 Pre Hospital Care Summary Report | PL000009, PL0000014-15 | |
| PL | 4 | Jeremiah Buckley records from Bellevue Hospital, 2/24/2018-2/25/2018 | PL000089-PL000207, PL2372-PL2390 | |

---

[6] Plaintiff has filed a motion in limine to preclude any all evidence related to his prior criminal convictions and his history of substance abuse.  Should Plaintiff prevail on his motion, all such references will be redacted from Plaintiff's proposed exhibits.

| PL | 5 | Jeremiah Buckley records from Montefiore Hospital, 12/7/2018 | PL000348-PL000480 | |
| PL | 6 | Jeremiah Buckley records from College Point Urgent Care, 2/26/2018 | PL002336-PL002343 | |
| PL | 7 | Statement from Officer Stephen Mears to Sgt. Timothy Harten re: Arrest of Jeremiah Buckley, dated 2/26/2018 | MTA000224 | |
| PL | 8 | Statement from Officer Danilo Rodriguez to Sgt. Timothy Harten re: Arrest of Jeremiah Buckley, dated 2/26/2018 | MTA000222 | |
| PL | 9 | MTA Operational Order # 18-01 | MTA000004-MTA000014 | |
| PL | 10 | MTA Police Department Incident Report re: arrest of Jeremiah Buckley , 2/24/2018 | MTA000117-MTA000128 | |
| PL | 11 | Suicide Prevention Screening Guidelines Form, 2/24/2018 | MTA000033 | |
| PL | 12 | Officer Stephen Mears Memo Book 2/23/2018-2/25/2018 | MTA000037-MTA000039 and MTA000225-MTA000227. | |
| PL | 13 | Officer Danilo Rodriguez Memo Book 2/23/2018-2/24/2018 | MTA000040-MTA000042 | |
| PL | 14 | Prisoner Property Inventory Form, Jeremiah Buckley, 2/24/2018 | MTA000054-MTA000055 | |
| PL | 15 | MTA Police Department Incident History Detail 2/24/2018-2/26/2016 | MTA000094-MTA000096 | |
| PL | 16 | MTA Police Department Daily Deployment, District 4, 2/23/2018 | MTA000097-MTA000099 | |
| PL | 17 | MTA Police Department Incident Report re: arraignment of Jeremiah Buckley , 2/25/2018 | MTA000100 | |
| PL | 18 | Jeremiah Buckley Complaint signed by Officer Stephen Mears including fax cover | MTA 000219- | |

| | | | | |
|---|---|---|---|---|
| | | sheet to ADA Bergamo | MTA000221 | |
| PL | 19 | Sgt. Timothy Harten Memo to Inspector Swarenndra Jatindranath re: arrest of Jeremiah Buckley. | MTA000060 | |
| PL | 20 | Jeremiah Buckley Text/Facebook Message Conversation | PL000810-PL000811 | FRE 801 |
| Pl | 22 | Jeremiah Buckley Text/Facebook Message Conversation | PL000838 | |

**B.    Defendants' Trial Exhibits**

| Exhibit | | Description | Bates Number | Objections |
|---|---|---|---|---|
| DEF | A | Rules and Regulations Governing Conduct and Safety of Public and Use of the LIRR Terminals, Stations, and Trains | MTA 000001-3 | |
| DEF | B | Operational Order # 18-01 (Homeless Assistance Program) | MTA 000004-13 | |
| DEF | C | Security Camera Videotape of February 24, 2018 Police Encounter | PL 000847-852 | |
| DEF | D | Misdemeanor Complaint Executed by Officer Mears | MTA 000056-57 | |
| DEF | E | Memo Book Entries Officer Rodriguez | Pl's Dep. Ex. 6 [TO BE BATETAMPED | |
| DEF | F | Memo Book Entries Officer Mears | MTA 000037-39, MTA000225-MTA000227. | |
| DEF | G | MTA Police Dept. Incident Report | MTA 000117-28 | FRE 403, 404, 609 |

| | | | | (MTA 000121 only) |
|---|---|---|---|---|
| DEF | H | MTA Police Dept. Incident Report (Arraignment) | MTA 000100 | |
| DEF | I | MTA Police Dept. Incident Report (criminal history check) | MTA 000101-02 | FRE 403, 404, 609 |
| DEF | J | Medical Treatment of Prisoner Form | MTA 000086 | FRE 801, 805 |
| DEF | K | MTA Use of Force Instruction | MTA 000015-19 | |
| DEF | L | Buckley Social Media Posting/Communication | PL000810 | FRE 106, 801 |
| DEF | M | Buckley Social Media Posting/Communication | PL000815 | FRE 403, 404, 801 |
| DEF | N | Buckley Social Media Posting/Communication | PL000817 | FRE 403, 404, 801 |
| DEF | O | Buckley Social Media Posting/Communication | PL000820 | FRE 403, 404, 801 |
| DEF | P | Buckley Social Media Posting/Communication | PL000842 | FRE 801 |
| DEF | Q | VCU Medical Center Records | PL2392-2457 | FRE 403, 404 (only with respect to references to Plaintiff's history of substance abuse or mental health diagnosis) |

| DEF | R | College Point Urgent Care Records | PL002336-43 | FRE 403, 404 (only with respect to references to Plaintiff's history of substance abuse or mental health diagnosis) |
|---|---|---|---|---|
| DEF | S | Bellevue Hosp. Center Records | PL000005-000222 (Berry Dep. Ex. 1) | FRE 403, 404 (only with respect to references to Plaintiff's history of substance abuse or mental health diagnosis) |
| DEF | T | Dr. Emmanuel Peprah Medical Chart | MTA 000129-000218 | FRE 403, 404 (only with respect to references to Plaintiff's history of substance abuse or mental health |

| | | | | diagnosis |
|---|---|---|---|---|
| DEF | U | Montefiore Hospital Record | PL000223-792 | FRE 403, 404 (only with respect to references to Plaintiff's history of substance abuse or mental health diagnosis |
| DEF | V | NYU Langone Record | PL001273-PL001385 + NYU Report pages 115-125 (not Bates stamped) | FRE 403, 404 (only with respect to references to Plaintiff's history of substance abuse or mental health diagnosis |
| DEF | . W-1 through W-11 | (Imaging studies reviewed by Dr. Deyer) | (Not Bates Stamped) | |
| DEF | X | Mt Sinai Beth Israel Records | PL2458-2478 | FRE 403, 404 (only with respect to references to Plaintiff's history of |

| | | | | substance abuse or mental health diagnosis |
|---|---|---|---|---|
| | | | | |

## X.      Statement of Damages Claimed

For Plaintiff's claims for excessive force, assault, and battery, he seeks (1) compensatory damages for pain and suffering and physical injuries, *inter alia*, a broken rib (7th), a punctured lung causally related to the rib fracture, knee pain, and headaches; (2) compensatory damages for garden variety emotional distress.

Plaintiff seeks punitive damages against Defendants Mears and Rodriguez.

Plaintiff also seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## XI.      Joint Statement Summarizing the Nature of the Case

Jeremiah Buckley brought this lawsuit against Defendants Stephen Mears and Danilo Rodriguez—both Metropolitan Transportation Authority Police Officers, as well at the MTA. Mr. Buckley alleges that Defendants violated his rights when they arrested him without probable cause on February 24, 2018.  Mr. Buckley also alleges that Defendants used excessive force against him during the course of their arrest.  Mr. Buckley alleges that Defendants violated his rights under the United States Constitution and New York state law.  Mr. Buckley alleges that he suffered multiple physical injuries from the officer's excessive force and suffered emotional distress from this arrest. The Defendants maintain that there was probable cause for Mr. Buckley's arrest, that they used no more force than was necessary to bring Mr. Buckley into custody, and that their conduct did not violate Mr. Buckley's constitutional or civil rights.

Pursuant to the Court's Individual Practices, the parties will submit their joint proposed voir dire questions, jury instructions, and verdict form, as well as their respective motions in limine, under separate cover.

Dated: February 26, 2021
New York, New York


EMERYCELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP

Katherine Rosenfeld
David Berman
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel. No.: (212) 763-5000
Fax No.: (212) 763-5001
Krosenfeld@ecbawm.com
Dberman@ecbawm.com

*Attorneys for Plaintiff*



Steve S. Efron
Renee L. Cyr
237 West 35th Street - Suite 1502
New York, New York 10001
Tel. No.:  212-867-1067
Fax No.:  212-682-595
Email: ssefron@aol.com
Email: rlcyr@aol.com

*Attorney for Defendants*