USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/28/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEREMIAH BUCKLEY,                                    :
                                                     :
                              Plaintiff,             :
                                                     :        **ORDER**
              -v-                                    :
                                                     :        19-CV-1683 (JLC)
METROPOLITAN TRANSPORTATION                          :
AUTHORITY, *et al.*,                                 :
                                                     :
                              Defendants.            :
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

For the reasons set forth on the record today, plaintiff's motion in limine is granted in part and denied in part.  Specifically, the request to preclude evidence concerning plaintiff's use of racial and homophobic slurs is denied to the extent that defendants may use such evidence on the issue of whether the officers had probable cause to arrest plaintiff for disorderly conduct.  To the extent defendants offer such evidence, the Court will give a limiting instruction to ensure that the jury does not misuse this evidence and considers it solely for the purpose of determining whether the officers had probable cause to arrest.  The request to preclude evidence of plaintiff's use of racial slurs in social media messages is granted, as any use of racial slurs beyond the incident giving rise to this lawsuit is a collateral matter that is inadmissible under Rule 608(b) of the Federal Rules of Evidence, which prohibits the use of extrinsic evidence of specific instances to attack a witness's character for truthfulness (the very purpose for which defendants intend to use these messages by their own admission).

As for the request to preclude any evidence concerning plaintiff's prior convictions, this issue is moot as the parties have resolved this issue by agreeing to a stipulation that plaintiff's prior convictions can be introduced for the purpose of mitigating his loss of liberty damages as

follows: "Prior to February 24, 2018, Mr. Buckley had previously been incarcerated in connection with several non-violent misdemeanor offenses."

Finally, as to plaintiff's request to preclude evidence regarding his history of alcohol and substance abuse, the Court will reserve decision until trial, as any resolution of this issue depends on how other evidence, including certain medical evidence, is offered and whether it is admitted into evidence.  However, the request to preclude plaintiff's statement to Bellevue Hospital medical personnel that he drank beer daily and used cocaine once or twice a month is denied, as it is relevant to the issues of causation and damages.

For the reasons set forth on the record today, defendants' motion in limine is also granted in part and denied in part.  As for defendants' request that the Court preclude evidence regarding plaintiff's knee pain, surgery, and headaches unless he offers expert medical testimony to establish a causal connection between these alleged injuries and the incident giving rise to this lawsuit, the Court grants it in part and denies it in part.  As courts have found that expert testimony is not required to establish causation for a range of injuries, plaintiff may testify about the injuries that jurors could easily assess, such as knee pain that was allegedly exacerbated by the incident and headaches he claims he frequently experienced after the incident.  However, absent evidence of expert testimony to establish causation, plaintiff may not testify about his knee surgery.[1]

As discussed at the conference, defendants are directed to submit a letter-brief by **October 5, 2021** to address (1) its objections to the anticipated testimony of Eric Pilch; and (2) the scope of "garden variety" damages, and plaintiff shall respond by **October 12, 2021**.  The

---

[1] If, however, defendants argue at trial that plaintiff exaggerated his knee pain in order to obtain medication, then the door may be opened to testimony regarding the knee surgery in order to disprove any argument that plaintiff was exaggerating or faking his knee pain.  The Court therefore may revisit this issue depending on how the evidence comes in at trial.

Court will hold a pre-trial conference on **October 14, 2021 at 2:30 p.m.** in courtroom 21-D, 500

Pearl Street, to discuss these issues, as well as other logistical issues related to trial.  The parties

should also be prepared to discuss whether, in light of the qualified immunity issue, any special

interrogatories should be submitted to the jury as part of the special verdict form or otherwise.

**SO ORDERED.**

Dated:  September 28, 2021
        New York, New York

_____
JAMES L. COTT
United States Magistrate Judge